**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

KALEY CHILES,

      Plaintiff - Appellant/ Cross - Appellee,

v.

PATTY SALAZAR, in her official capacity as Executive Director of the Department of Regulatory Agencies; REINA SBARBARO-GORDON, in her official capacity as Program Director of the State Board of Licensed Professional Counselor Examiners and the State Board of Addiction Counselor Examiners; JENNIFER LUTTMAN, in her official capacity as a member of the State Board of Licensed Professional Counselor Examiners; AMY SKINNER, in her official capacity as a member of the State Board of Licensed Professional Counselor Examiners; KAREN VAN ZUIDEN, in her official capacity as a member of the State Board of Licensed Professional Counselor Examiners; MARYKAY JIMENEZ, in her official capacity as a member of the State Board of Licensed Professional Counselor Examiners; KALLI LIKNESS, in her official capacity as a member of the State Board of Licensed Professional Counselor Examiners; SUE NOFFSINGER, in her official capacity as a member of the State Board of Licensed Professional Counselor Examiners; RICHARD GLOVER, in his official capacity as a member of the State Board of Licensed Professional Counselor Examiners; ERKIA HOY, in her official capacity as a member of the State Board of

Nos. 22-1445 & 23-1002
(D.C. No. 1:22-CV-02287-CNS-STV)
(D. Colo.)

Licensed Professional Counselor Examiners; KRISTINA DANIEL, in her official capacity as a member of the State Board of Addiction Counselor Examiners; HALCYON DRISKELL, in her official capacity as a member of the State Board of Addiction Counselor Examiners; CRYSTAL KISSELBURGH, in her official capacity as a member of the State Board of Addiction Counselor Examiners; ANJALI JONES, in her official capacity as a member of the State Board of Addiction Counselor Examiners; THERESA LOPEZ, in her official capacity as a member of the State Board of Addiction Counselor Examiners; JONATHAN CULWELL, in his official capacity as a member of the State Board of Addiction Counselor Examiners,

       Defendants - Appellees/ Cross - Appellants.

------------------------------

INSTITUTE FOR FAITH AND FAMILY; ASSOCIATIONS OF CERTIFIED BIBLICAL COUNSELORS; INSTITUTE FOR JUSTICE; ETHICS AND PUBLIC POLICY CENTER,SSOCIATIONS OF CERTIFIED BIBLICAL COUNSELORS; ETHICS AND PUBLIC POLICY CENTER; INSTITUTE FOR FAITH AND FAMILY; INSTITUTE FOR JUSTICE; AMERICAN ASSOCIATION OF SUICIDOLOGY; AMERICAN FOUNDATION FOR SUICIDE PREVENTION; TREVOR PROJECT, INC.; DISTRICT OF COLUMBIA; STATE OF CALIFORNIA; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF

2

MAINE; STATE OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF PENNSYLVANIA; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGSON; ONE COLORADO; CARLOS A. BALL; ASHUTOSH BHAGWAT; MICHAEL BOUCAI; ALAN E. BROWNSTEIN; ERIN CARROLL; ERWIN CHEMERINSKY; MICHAEL C. DORF; THOMAS E. KADRI; SUZETTE M. MALVEAUX; TONI MASSARO; NEIL RICHARDS; JOCELYN SIMONSON; SCOTT SKINNER-THOMPSON; CATHERINE SMITH; KYLE COURTENAY VELTE; ARI E. WALDMAN,

    Amici Curiae.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

This matter is before us on remand from the United States Supreme Court. *Chiles v. Salazar*, 146 S. Ct. 1010 (2026) (reversing judgment of this court and remanding for further proceedings). Upon careful consideration, this matter is

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

3

remanded to the U.S. District Court for the District of Colorado for further proceedings consistent with the Supreme Court's opinion.

Plaintiff-Appellant/Cross-Appellee's *Unopposed Motion Under F.R.A.P. 27 to Expedite the Issuance of the Mandate Consistent with the Supreme Court's Judgment* is GRANTED. A copy of this order and judgment shall stand as and for the mandate of the court.

Entered for the Court,

Per curiam

22-1445, 23-1002, *Chiles v. Salazar*

**HARTZ**, J., dissenting

I respectfully dissent from the order remanding this case to the district court for further proceedings. This court regularly resolves appeals directly upon remand from the Supreme Court. It seems to me that there is a high likelihood we could do so in this case, relieving the parties and the district court from further time and effort in disposing of this case and promptly concluding this litigation.

The Supreme Court has definitively ruled that the Colorado MCTL regulates Ms. Chiles's speech in a viewpoint-discriminatory manner and therefore the regulation of her speech is subject to strict scrutiny. Colorado must "prove its restriction on speech is narrowly tailored to serve compelling state interests." *Chiles v. Salazar*, 146 S. Ct. 1010, 1021 (2026) (internal quotation marks omitted). "Under that test, it is rare that a regulation will ever be permissible." *Id.* (ellipsis and internal quotation marks omitted).

The regulation of Ms. Chiles's speech does not come close to satisfying the test. When I wrote my dissent on the initial appeal in this case, my view was that the district court should review in the first instance whether there is any scientific support for the proposition that speech-only conversion therapy administered by licensed mental-health professionals is dangerous to minors and that the danger rises to the level of the dangers of other therapies that are prohibited to licensed practitioners. But that was 20 months ago and, given the notoriety of this case, any scientific evidence supporting Colorado would likely have emerged. In any event, it would not be burdensome for this court to

request supplemental briefing to determine whether any purpose would be served by a remand to consider further evidence.

Moreover, if the need to prohibit the therapy provided by Ms. Chiles is such a compelling state interest, why does the Colorado statute place no restrictions on such therapy by those without licenses, including clergy, which has been the subject of much, if not most, of the literature condemning conversion therapy? Such underinclusiveness has long been recognized as undermining a claim of a compelling state interest. *See, e.g.*, *Brown v. Ent. Merchants Ass'n*, 564 U.S. 786, 802 (2011) (ban on sale to minors of violent videogames is "wildly underinclusive" in the absence of regulation of, say, Saturday morning cartoons); *Reed v. Town of Gilbert*, 576 U.S. 155, 172 (2015) (local law severely restricting temporary directional signs but "allow[ing] unlimited proliferation of larger ideological signs"); *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 547 (1993) ("It is established in our strict scrutiny jurisprudence that a law cannot be regarded as protecting an interest of the highest order when it leaves appreciable damage to that supposedly vital interest unprohibited" (ellipsis and internal quotation marks omitted)). What possible argument does the State have to counter the application of these precedents? We should at least ask for supplemental briefing on the subject before remanding.

If possible (and that surely seems to be the case), this litigation should be brought to a speedy conclusion. I see no need for a remand to the district court.